# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TONY LEWIS GRIDER, CURTIS MOORE, DERRICK TAYLOR, RICKY CAINS, NEAL JOSEPH MOSES<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>TONY THOMPSON, BUCK CLARK, SUPERINTENDENT OF BLACK HAWK COUNTY JAIL, CHIEF OF BLACK HAWK COUNTY JAIL,<br><br>　　　　　Defendants. | No. C11-2048-LRR<br><br>INITIAL REVIEW ORDER |

___

This matter is before the court on Tony Lewis Grider's application to proceed in forma pauperis (docket no. 1). Tony Lewis Grider filed such application on August 16, 2011. Along with Tony Lewis Grider's application to proceed in forma pauperis, the plaintiffs submitted a complaint under 42 U.S.C. § 1983.

### *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the application submitted, the court concludes that Tony Lewis Grider does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant Tony Lewis Grider in forma pauperis status, he is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes

prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, Tony Lewis Grider must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the statements made, the court finds that the initial partial filing fee is $5.00. *Id*. Tony Lewis Grider shall submit $5.00 by no later than August 31, 2011. *Id*. If necessary, Tony Lewis Grider may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, Tony Lewis Grider must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after Tony Lewis Grider pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where Tony Lewis Grider is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## III. CLAIM ASSERTED

Currently confined at the Black Hawk County jail in Waterloo, Iowa, the plaintiffs, proceeding pro se, submitted a complaint to redress issues that are related to their placement in segregation. The plaintiffs predicate jurisdiction on 28 U.S.C. § 1343.

Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In their complaint, the plaintiffs states:

> In the Black Hawk County Jail handbook page 1, it states that this jail and everyone in it is to follow the rules and regulations in accordance with Code of Iowa [section] 356.44 and Department of Corrections policies and procedures and standards dated December 2005. This was signed by the Honorable Chief Judge Mr. Thomas Bower dated August 17th 2010. According to [Department of Corrections] policy and procedures, any time a resident is sent to administrative or disciplinary detention or segregation, a person shall be reviewed by a review committee or disciplinary committee within 24 hrs. of placement in that person's presence. A-pod is full and not one single person went before any committee within 24 hrs. Some residents in here haven't even been booked in (been here weeks). Most haven't been in any trouble but overcrowding conditions is why they're in here with nothing, not even a toothbrush, bible, pen, paper, visits, t.v., etc. violating due process rights. No bible violates freedom of religion.

As relief, the plaintiffs asks the court for the following: mental anguish $100,000; punitive damages $100,000; monetary relief $100,000, injunctive relief or other relief that is deemed appropriate.

### IV. ANALYSIS

#### A. *Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

4

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. *Plaintiffs' Claim*

Based on the facts alleged against the defendants, it is clear that the plaintiffs do not state a viable claim under 42 U.S.C. § 1983 for multiple reasons. First, placement in segregation does not give rise to a constitutional violation. *See Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (concluding that the plaintiff's case was barred by *Sandin v. Connor*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), because he did not have a protected liberty interest in avoiding segregation); *see also Ragan v. Lynch*, 113 F.3d 875, 876-77 (8th Cir. 1997) (applying *Wycoff*, 94 F.3d at 1189). Second, no

5

claim under 42 U.S.C. § 1983 exists because a violation of state statutory law is not the equivalent of the federal Constitution. *See Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir. 1993) (assuming that Iowa Code section 903A.5 required the plaintiff to be given the credit he requested and concluding that the failure to give credit does not amount to a claim under 42 U.S.C. § 1983). Absent the existence of a protected liberty interest, the mere violation of state law does not state a claim under the federal Constitution or 42 U.S.C. § 1983. *Id.* at 328; *see also Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("[T]he Due Process Clause does not federalize state-law procedural requirements."); *Hughes v. Lee County Dist. Court*, 9 F.3d 1366, 1367 (8th Cir. 1993) (finding that the assertion that the state violated its own procedural guidelines does not state a federal claim); *Swenson v. Trickey*, 995 F.2d 132, 135 (8th Cir. 1993) (concluding that an inmate may not base a procedural due process claim on a violation of state procedural law). So, the defendants' alleged failure to follow the policies and procedures of the Iowa Department of Corrections does not state a valid claim. Third, liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory. *Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007); *Tlamka v. Serrel*, 244 F.3d 628, 635 (8th Cir. 2001). The plaintiffs' complaint does not include specific allegations against any of the named defendants; the plaintiffs' 42 U.S.C. § 1983 action against the defendants is not cognizable because the plaintiffs do not allege that the defendants conduct caused the deprivation of a federally protected right or that they were personally involved with or had direct responsibility for the incidents alleged in the complaint. *See Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Lastly, compensatory damages are not available where a plaintiff does not assert a physical injury as a result of a defendant's actions. *See* 42 U.S.C. § 1997e(e); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Accordingly, the plaintiffs' action shall be dismissed for failing to state a claim upon which relief can be granted. Because the court

deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiffs for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) Tony Lewis Grider's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) Tony Lewis Grider is directed to submit an initial partial filing fee of $5.00 by no later than August 31, 2011. If necessary, Tony Lewis Grider may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After Tony Lewis Grider pays the initial partial filing fee, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, Tony Lewis Grider is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where Tony Lewis Grider is an inmate.

(6) The plaintiffs' 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiffs for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 22nd day of August, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Black Hawk County Jail, Waterloo, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Tony Lewis Grider, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Grider, et al. v. Tony Thompson, et al.*, Case No. C11-2048-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K Jorgensen*   Deputy Clerk
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa